UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: (1) BENELLI M-1 SUPER 90 SHOTGUN, SERIAL NUMBER M245355 ) ) ) ) | Case No. 4:18-cv-3136 |
| RICHARD JOHNSON, ) Petitioner ) ) | **PETITION FOR AUTHORIZATION OF TRANSFER OF FIREARM TO THIRD-PARTY DESIGNEE** |
| v. ) ) | |
| BUREAU OF ALCOHOL, TOBACCO ) FIREARMS, AND EXPLOSIVES, ) Respondent ) | |

COMES NOW RICHARD JOHNSON, PETITIONER, by and through counsel, and prays pursuant to this Court's equitable authority described in *Henderson v. United States*, 135 S. Ct. 1780 (2015), that this Court enter an order authorizing the transfer of his property, (1) BENELLI M-1 SUPER 90 SHOTGUN, SERIAL NUMBER M245355, to Petitioner's third-party designee, BRUCE BASTIAN of OMAHA, NEBRASKA.

On APRIL 23, 2003, Petitioner was convicted of felony crimes in the State of Minnesota. Because of his status as a convicted felon, 18 U.S.C. §922(g)(1) prohibits Petitioner from possessing firearms. Prior to his being convicted of a felony, Petitioner was the lawful, registered owner of (1) BENELLI M-1 SUPER 90 SHOTGUN, SERIAL NUMBER M245355, a firearm classified as a short-barreled shotgun under 26 U.S.C. §5845(a) and therefore subject to the transfer restrictions imposed by the National Firearms Act of 1934.

Subsequent to Petitioner's state felony conviction in Minnesota, Respondent seized the firearm and issued a letter on JUNE 18, 2018, informing Petitioner that the firearm was in the possession of Respondent. (Exhibit 1). This letter further informed Petitioner that the firearm would be subject to an abandonment action if Petitioner did not petition this Court for authorization to either (1) designate a Federal Firearms Licensee (FFL) to receive the firearm for the purpose of arranging for its sale, or (2) name a third-party designee to receive the firearm. Subsequent letters emanating from Respondent were dated JULY 11, 2018 (Exhibit 2),

1

JULY 30, 2019 (Exhibit 3), and SEPTEMBER 7, 2018 (Exhibit 5). Each letter from Respondent urged Petitioner to take action immediately to seek such court authorization or risk initiation of an abandonment action by Respondent against the firearm. In Petitioner's letter of AUGUST 26, 2018 (Exhibit 4), he named Bruce Bastian as his third-party designee, but in Respondent's SEPTEMBER 7, 2018 letter, Petitioner was advised that such designation could only be effective if authorized by this Court.

"A federal court has equitable authority, even after a criminal proceeding has ended, to order a law enforcement agency to turn over property it has obtained during the case to the rightful owner or his designee." *Henderson v. United States*, 135 S. Ct. 1780, 1784 (2015). In instances where a firearms owner becomes a "prohibited person" under 18 U.S.C. 922(g)(1) because of a felony conviction, a court may "order that the guns be turned over to a firearms dealer, himself independent of the felon's control, for subsequent sale on the open market." *Id. at* 1786. In the alternative, "[a] court may… grant a felon's request to transfer his guns to a person who expects to maintain custody of them, so long as the recipient will not allow the felon to exert any influence over their use." *Id.* at 1787.

Petitioner designates Bruce Bastian of Omaha, Nebraska to receive the firearm. Petitioner's designee has by his Affidavit of Third-Party Designee consented to such appointment and affirmed that he will not allow the Petitioner to exert any influence over the use of the firearm.

THEREFORE, Petitioner prays that this Court authorize Bruce Bastian to receive the aforementioned firearm and maintain it in his custody as Petitioner's third-party designee, under the condition that Mr. Bastian not allow Petitioner to exert any influence over its use.

    Respectfully Submitted,

    RICHARD JOHNSON

    BY HIS ATTORNEY:
    /s/ Charles R Clark, II
    Charles R. Clark, II
    1008 S. 8th St.
    Lincoln, NE  68508
    (402) 915-1791
    dick@dickclarklaw.com